## Appeal of THE FINDLAY DAIRY CO.

Docket No. 3302. Submitted June 23, 1925. Decided October 19, 1925.

1. Photostat copies of book records are not the best evidence and will not be received where, upon demand of opposing counsel, the originals are not produced.

2. The taxpayer must allege and prove such facts as will support evidence of error. A mere showing that the Commissioner determined a deficiency is not enough.

*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $1,097.43.

### FINDINGS OF FACT.

The taxpayer is an Ohio corporation with its principal office at Findlay. During the taxable year in question the taxpayer was engaged in the business of purchasing and selling milk and cream. During that time the accounting records, in many respects, were kept in a faulty manner. On or about November 20, 1919, the taxpayer purchased sugar for an amount of $1,560, which purchase was not entered on the books of the taxpayer until the succeeding year.

DECISION.

The determination of the Commissioner is approved.

OPINION.

JAMES: The taxpayer in this appeal submitted depositions purporting to show certain facts relative to its book entries for the taxable year here in question. Photostat copies of certain pages of the book records were offered in evidence, and were received by the notary taking the depositions after due objection was noted by the representative of the Commissioner that the said photostat copies were not the best evidence and after due demand had been made for the production of the original records. The objection of the Commissioner to this method of proof is now sustained upon the ground stated by his representative at the taking of the depositions. The taxpayer must allege and prove such facts as will support evidence of error.

The taxpayer also failed to allege in its petition or to submit as a matter of proof what action had been taken by the Commissioner with reference to the determination of the deficiency here in question. The Board is wholly uninformed, except by surmise, as to what the Commissioner did in connection with the audit of the taxpayer's returns. The taxpayer alleged four errors committed by the Commissioner, but wholly failed to state any facts showing that the Commissioner had done anything with respect to its return other than to determine the deficiency here in question, or to state facts upon which, if proven, the Board could find that the Commissioner had erred. Under these circumstances the determination of the Commissioner must be approved.